MATTHEW G. BAGLEY (6820)
6141 W. INDIAN PONY WAY
HERRIMAN, UT 84096
TELEPHONE: (801) 819-5686
ATTORNEY FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| MAYRA SERRATO,<br><br>      Plaintiff,<br><br>v.<br><br>KNIGHT ADJUSTMENT BUREAU INC.;<br>EXPERIAN INFORMATION SOLUTIONS<br>INC.; TRANSUNION, LLC; and EQUIFAX<br>INFORMATION SERVICES LLC,<br><br>      Defendants. | Case No.: 2:25-cv-386<br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq.*) and FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.)** |

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., whereby Plaintiff discovered inaccurate information reporting on his consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit reports, thereby damaging Plaintiff.

## II. PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Salt Lake, Utah.

3.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4.    Defendant, Knight Adjustment Bureau Inc. ("Knight"), is and at all times relevant hereto was, a collections institution regularly doing business in the State of Utah.

5.    At all times pertinent hereto, Defendant Knight was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6.    Knight is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7.    Defendant, Experian Information Solutions Inc. ("Experian"), is a credit reporting agency, licensed to do business in Utah.

8.    Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Utah.

9.    Defendant, TransUnion, LLC, ("TransUnion"), is a credit reporting agency, licensed to do business in Utah.

10.    Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Utah.

11.    Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in Utah.

12.    Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Utah.

13.    Experian, Equifax, and TransUnion are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

14.    Experian, Equifax, and TransUnion furnish such consumer reports to third parties under contract for monetary compensation.

15.     At all times pertinent hereto, Defendant Experian, Equifax, and TransUnion were each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.    JURISDICTION AND VENUE

16.     This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

17.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b); and as the Plaintiff resides in and the injury occurred in Salt Lake County, Utah; and as Defendants do business in the State of Utah.

18.     Personal jurisdiction exists over Defendants as Plaintiff resides in the State of Utah, Defendants have the necessary minimum contacts with the State of Utah, and this suit arises out of specific conduct with Plaintiff within the State of Utah.

### IV.    FACTUAL ALLEGATIONS

19.     Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Knight, Experian, Equifax, and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

20.     Defendants Experian, Equifax, and Transunion are three of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

21.     The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

22.     Defendants Experian, Equifax, and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

23.     The debt account in question arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

24.     Defendant Knight was assigned the debt after it was allegedly in default.

25.     Defendant Knight uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

26.     Defendant Knight regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or once asserted to be owed or due.

27.     On or around January 2025, Plaintiff discovered Defendant Knight was erroneously reporting a Knight account (the "Account") as having a past due balance on Plaintiff's Experian, Equifax, and TransUnion consumer reports.

28.     The Account was assigned to Defendant Knight by Mountain America Credit Union.

29.     Mountain America Credit Union is the legal owner of the debt tied to the Account.

30.     Mountain America Credit Union also reports the Account with a balance due on Plaintiff's Experian, Equifax, and TransUnion consumer reports.

31.     The Account is reported to the credit reporting agencies with a different account number and past due amount by Mountain America Credit Union and Defendant Knight.

32.     The reporting of a balance past due on the Account by Defendant Knight and Mountain America Credit Union overstates the amount of outstanding debt in Plaintiff's name and overstates the true number of delinquent debts contained in Plaintiff's consumer reports.

33.     It is not accurate, and it is misleading, for Defendant Knight to report a balance due on an account that it is not the legal owner of.

34.     The false and misleading information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

35.     Defendants Experian, Equifax, and TransUnion published the false information regarding the Account to third parties.

<b>PLAINTIFF'S WRITTEN DISPUTE</b>

36.     In or about January 2025, Plaintiff sent a written dispute to Defendant Experian ("Experian Dispute"), disputing the inaccurate and misleading information regarding the Account reporting on Plaintiff's Experian consumer report.

37.     In or about January 2025, Plaintiff sent a written dispute to Defendant Equifax ("Equifax Dispute"), disputing the inaccurate and misleading information regarding the Account reporting on Plaintiff's Equifax consumer report.

38.     In or about January 2025, Plaintiff sent a written dispute to Defendant TransUnion ("TransUnion Dispute"), disputing the inaccurate and misleading information regarding the Account reporting on Plaintiff's TransUnion consumer report.

39.     Upon information and belief, Defendants Experian, Equifax, and TransUnion forwarded Plaintiff's Experian Dispute, Equifax Dispute, and TransUnion Dispute (collectively the "Dispute Letters") to Defendant Knight.

40.     Upon information and belief, Defendant Knight received notification of Plaintiff's Dispute Letters from Defendants Experian, Equifax, and TransUnion.

41.     Upon information and belief, Defendant Knight verified the erroneous information associated with the Account to Defendants Experian, Equifax, and TransUnion.

42.     Defendant Knight did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

43.     Defendant Experian did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

44.     Defendant Equifax did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

45.     Defendant TransUnion did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

46.     Upon information and belief, Defendant Knight failed to instruct Defendants Experian, Equifax, and TransUnion to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

47.     Defendants Experian, Equifax, and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letters.

48.     At no point after receiving the Dispute Letters did Defendants Knight, Experian, Equifax, and/or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

49.     Defendants Experian, Equifax, and TransUnion relied on their own judgment and the information provided to them by Defendants Knight, rather than grant credence to the information provided by Plaintiff.

## COUNT I – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

50.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

51.     After receiving the Experian Dispute, Defendant Experian failed to correct the false and misleading information regarding the Account reporting on Plaintiff's Experian consumer report.

52.     Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

53.     As a result of this conduct, action, and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

54.     Defendant Experian's conduct, action, and inaction was willful, thereby rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

55.     In the alternative, Defendant Experian was negligent, thereby entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

56.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT II – EXPERIAN**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i**

57.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

58.     After receiving the Experian Dispute, Defendant Experian failed to correct the false and misleading information regarding the Account reporting on Plaintiff's Experian consumer report.

59.     Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

60.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

61.     Defendant Experian's conduct, action, and inaction was willful, thereby rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

62.     In the alternative, Defendant Experian was negligent, thereby entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

63.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

64.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

65.    After receiving the Equifax Dispute, Defendant Equifax failed to correct the false and misleading information regarding the Account reporting on Plaintiff's Equifax consumer report.

66.    Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

67.    As a result of this conduct, action, and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

68.    Defendant Equifax's conduct, action, and inaction were willful, thereby rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

69.    In the alternative, Defendant Equifax was negligent, thereby entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

70.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

71.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

72.     After receiving the Equifax Dispute, Defendant Equifax failed to correct the false and misleading information regarding the Account reporting on Plaintiff's Equifax consumer report.

73.     Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

74.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

75.     Defendant Equifax's conduct, action, and inaction were willful, thereby rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

76.     In the alternative, Defendant Equifax was negligent, thereby entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

77.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT V – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

78.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

79.     After receiving the TransUnion Dispute, Defendant TransUnion failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer report.

80.     Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

81.     As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

82.     Defendant TransUnion's conduct, action, and inaction were willful, thereby rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

83.     In the alternative, Defendant TransUnion was negligent, thereby entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

84.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT VI – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

85.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

86.     After receiving the TransUnion Dispute, Defendant TransUnion failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer report.

87.     Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which

to filter and verify disputed information in Plaintiff's credit files.

88.     As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

89.     Defendant TransUnion's conduct, action, and inaction were willful, thereby rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

90.     In the alternative, Defendant TransUnion was negligent, thereby entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

**COUNT VII – KNIGHT**

**(FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681S-2(b))**

91.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

92.     After receiving the Dispute Letters, Defendant Knight failed to correct the false and misleading information regarding the Account's reporting on Plaintiff's consumer reports.

93.     Defendant Knight violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Knight's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Knight's representations to consumer credit reporting agencies, among other unlawful conduct.

94.     As a result of this conduct, action, and inaction of Defendant Knight, Plaintiff suffered damages, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for

which Plaintiff seeks damages in an amount to be determined by the trier of fact.

95.     Defendant Knight's conduct, action, and inaction were willful, thereby rendering Defendant Knight liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

96.     In the alternative, Defendant Knight was negligent, thereby entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

97.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Knight pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT VIII – KNIGHT

## (Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692e)

98.     Plaintiff realleges and reaffirms the above paragraphs as though fully set forth herein.

99.     Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

100.     "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation."  *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

101.     "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

102.    More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as ensure that debt collectors who refrain from using such practices are not competitively disadvantaged. *See, e.g.,* 15 U.S.C. § 1692(a), (e); *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 996 (3d Cir.2011); *Wilson,* 225 F.3d at 354.

103.    "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.'  This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) (quoting *Rosenau*, 539 F.3d at 221).

104.    "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.  This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013) (quoting *Lesher,* 650 F.3d at 997).

105.    The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

106.    Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt.  15 U.S.C. § 1692e(2)(A).

107.    Thus, the plain language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation

of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

108.    Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false. . . ." 15 U.S.C. § 1692e(8).

109.    Defendant Knight violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Account, including by reporting false information to the credit reporting agencies concerning Plaintiff, and by failing to correct the false information once disputed.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants Knight, Experian, TransUnion and Equifax, jointly and severally, for willful noncompliance with the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A.    Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B.    Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violations;

C.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendant Knight for noncompliance with the Fair Debt Collection Practices Act and seeks remedies as defined by 15 U.S.C. § 1692 and demands:

A.  An adjudication that Knight violated 15 U.S.C. § 1692e;

B.  Plaintiff's statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

C.  Plaintiff's actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

D.  Plaintiff's reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

Respectfully submitted May 15, 2025.

/s/ Matthew G. Bagley
Matthew G. Bagley